UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RODERICK T. SIMPSON,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No.  5:04-cv-543-Oc-10GRJ

WARDEN, FCC COLEMAN, et al,

        Defendants.
_____

## ORDER OF DISMISSAL

Plaintiff initiated this action by filing a pro se, in forma pauperis, prisoner civil rights complaint (Doc. 1) pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics.[1]  The Court has not ordered service on the Defendants in this case.  For the following reasons, the Court concludes that the Complaint must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

## Factual and Procedural Background

The factual allegations of the instant Complaint are identical to a previous case filed by Plaintiff in this Court, styled as Simpson v. United States, case number 5:03-cv-192-Oc-10GRJ (hereafter referred to as "Plaintiff's first case").  Plaintiff's first case alleged claims for relief based on both Bivens and the Federal Tort Claims Act (FTCA).[2]  The facts underlying Plaintiff's claims are set forth in the Court's Order

---

[1] 403 U.S. 388 (1971) (authorizing suits against individual federal officials).

[2] 28 U.S.C. § 2671, *et seq.*

granting the Defendant's motion to dismiss Plaintiff's first case (see Doc. 28 in case number 5:03-cv-192-Oc-10GRJ), and may be briefly summarized as follows.

On October 21, 2000, Plaintiff dislocated his knee during a flag football game. Plaintiff was transported to the emergency department at Leesburg Regional Medical Center (LRMC) for treatment, where an emergency department physician snapped Plaintiff's knee back into place and where Plaintiff subsequently received surgical treatment for the injury. On November 6, 2000, Plaintiff was transferred to an extended care facility, and on November 7, 2000, he was transferred to the Federal Medical Center (FMC) in Rochester, Minnesota, and then to St. Mary's Hospital where doctors determined that the leg was nonviable due to a severe infection and subsequently amputated the leg. Plaintiff was told by the staff at St. Mary's that he would be fitted for a prosthetic leg upon his return to the FMC. Plaintiff was discharged from St. Mary's to the FMC, and then was returned to the Coleman Federal Complex. As of the date the instant Complaint was filed, Plaintiff has not received a prosthetic leg.

As in Plaintiff's first case, the instant Complaint names as Defendants the current and former wardens at the Coleman medium-security facility, individual prison medical personnel, the prison recreation specialist, unidentified LRMC physicians who examined and treated Plaintiff, and LRMC Drs. Sherman, Kerina, Serra, and Ravi Gupta. The Complaint alleges five causes of action:

(1) A claim that employees of the Bureau of Prisons were deliberately

indifferent to Plaintiff's serious medical needs in violation of the Fifth and Eighth Amendments to the United States Constitution and BOP regulations when they allowed him to play flag football without first conducting a physical examination, or alternatively that those Defendants were negligent for allowing Plaintiff to play flag football without a complete physical examination.

(2) A claim that treating physicians were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fifth and Eighth Amendments by failing to consult Plaintiff's prison medical records (which showed that Plaintiff is diabetic) before snapping Plaintiff's knee back into place, or alternatively that those Defendants were negligent for failing to consult Plaintiff's prison medical records.

(3) A claim that treating physicians were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fifth and Eighth Amendments by placing metal pins and metal staples in and on Plaintiff when they should have known that Plaintiff was a diabetic and doing so would cause severe consequences, or alternatively that those Defendants were negligent for placing metal pins and staples in a diabetic patient.

(4) A claim that treating physicians were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fifth and Eighth Amendments by performing a skin graft on Plaintiff before his wounds were properly healed, or alternatively, that Defendants were negligent for prematurely performing the skin graft.

(5) A claim that Coleman staff were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fifth and Eighth Amendments by failing to provide Plaintiff with a prosthetic leg.

On December 11, 2003, this Court dismissed Plaintiff's <u>Bivens</u> claims in Plaintiff's first case without prejudice pursuant to 42 U.S.C. § 1997e for failure to exhaust administrative remedies. <u>See</u> Doc. 11 in case number 5:03-cv-192-Oc-10GRJ. Although Plaintiff had administratively exhausted his FTCA claim, this Court determined that Plaintiff's FTCA claim pertained only to his allegation that he received negligent medical treatment at the hands of LRMC's physicians, and that the Court lacked jurisdiction over that claim because the LRMC physicians were not United States "employees" within the meaning of the FTCA. <u>See</u> Doc. 28 in case number 5:03-cv-192-Oc-10GRJ.

After the <u>Bivens</u> claims in Plaintiff's first case were dismissed, Plaintiff initiated new administrative remedies at the prison. The administrative remedy documents appended to the Complaint reflect that Plaintiff initiated the administrative remedy process on January 21, 2004, by informally requesting that he be fitted for a prosthetic leg, as well as requesting $5 million in monetary damages. Plaintiff was advised that it was necessary that he lose weight prior to being fitted for a prosthesis. Plaintiff then submitted a formal administrative remedy request to the Warden, offering a summary of his injury and medical treatment , noting that he had been denied fitting for a prosthesis, and stating that "Claimant is now bringing notice

that he is suing in [a federal civil rights and FTCA case] for injuries and medical negligence."  The Warden provided the following response:

> A careful review of your medical record by our Health Services Administrator reveals you were evaluated on February 8, 2001, by the Orthotic Doctor at United States Medical Center for Prisoners, Springfield, Missouri.  You were advised that before a prosthesis can be safely constructed, you will need to weigh between 200 and 225 lbs.  At the present time, your weight is 282 lbs.  Given your current weight, it is not safe to construct a prosthesis for you.  Once you lose the necessary weight, we will submit a request to designate you to United States MCFP Springfield for a prosthesis for your left lower leg.

Plaintiff then filed an administrative remedy appeal to the Regional Director, Southeast Regional Office, again offering a summary of his injury and medical treatment , noting that he had been denied fitting for a prosthesis, and stating that he was pursuing a federal lawsuit concerning his claims.  The Regional Director provided the following response:

> A review of your medical records revealed you have a history of diabetes, embolism, renal failure and above the knee amputation.  While housed at the Federal Medical Center, Springfield, Missouri, multiple, unsuccessful attempts were made to fit you for a prosthesis.  On January 2001, your weight was 290 pounds.  As stated in the Wardens' response, you were advised, no further attempts for prosthesis fitting or training will be taken until you achieve a weight goal of no more than 225 pounds.  On May, 2004, your weight was 282 pounds.  The safe construction of the prosthesis cannot be achieved at your current weight.

Plaintiff appealed this decision in a Central Office administrative remedy

appeal, again offering a summary of his injury and medical treatment , noting that he had been denied fitting for a prosthesis, and stating that he was pursuing a federal lawsuit concerning his claims. The Administrator for National Inmate Appeals provided the following response:

> Discussion with FCI Coleman medical staff reveals you have been evaluated by the orthotic specialist who provided consultation regarding your prosthetic leg. You were advised that before a prosthesis could be constructed, you must achieve a weight goal of no more than 225 pounds. As of September 27, 2004, you have not achieved that goal. Once you attain the desired weight, prosthesis fitting and training will take place. Health Services staff continue to monitor your condition and are available to provide assistance with attaining your weight goal. You are encouraged to cooperate with staff to enhance their ability to provide essential medical care.

Plaintiff subsequently filed the instant Complaint.

### **Exhaustion of Remedies**

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement."  Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered

through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d at 1326).

In Alexander, the Eleventh Circuit noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

159 F.3d at 1327 (citation omitted).

It is apparent from the administrative remedy documents appended to the Complaint that the only claim that has been timely exhausted is Plaintiff's claim that Coleman staff were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment by failing to provide Plaintiff with a prosthetic leg (Plaintiff's Claim 5). Although Plaintiff's administrative remedy requests alluded to

his other claims concerning allowing him to play flag football and his medical treatment following his injury and stated that he was pursuing a federal lawsuit, the responses denying his requests reflect that the only actionable administrative claim concerned his current request to be fitted with a prosthetic leg.  He reasserted that claim administratively on January 21, 2004, following this Court's dismissal of his Bivens claims in his first case.  Plaintiff would have been foreclosed from pursuing administrative remedies on his remaining claims at that time because they were time-barred under the BOP's administrative remedy regulations.[3]

### Remaining Eighth Amendment Claim

Under 28 U.S.C. § 1915A, this Court shall review a Complaint in which a prisoner seeks redress from a governmental entity or its employees, and dismiss the Complaint if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.[4]  In making this determination, the Court will liberally construe a pro se Plaintiff's allegation.[5]

---

[3] See 28 C.F.R. § 542.14 (deadline for submitting formal administrative remedy request is 20 days following date on which basis for request occurred, unless the deadline is extended upon a showing of a valid reason for the delay); see also Johnson v. Meadows, 418 F.3d 1152, 1159 11th Cir. 2005) (PLRA exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures).  Plaintiff does not allege that he sought any extension of time to pursue administrative remedies concerning his October 21, 2000, injury and subsequent surgery.

[4] See also 42 U.S.C. § 1997e(c)(1) (authorizing Court to dismiss prison-condition suits on same grounds).

[5] Haines v. Kerner, 404 U.S. 519 (1972); see also  Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." "Prison personnel may not subject inmates to acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs . . . . [S]uch deliberate indifference by a correctional system to the serious medical needs of its prisoners constitutes the kind of unnecessary and wanton infliction of pain that is proscribed by the Eighth Amendment."[6] In <u>Estelle v. Gamble</u>[7] the Supreme Court explained that:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.

In this case, Plaintiff's allegations do not state an Eighth Amendment deliberate-indifference claim. The administrative remedy documents appended to the Complaint show that Plaintiff has not received a prosthesis because the physicians who have examined him determined that his weight precluded successful use of a prosthesis. Although Plaintiff disagrees with this result, his disagreement with the treatment decision does not equate to an actionable claim that Defendants

---

[6] <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1504-1505 (11th Cir. 1991) (citations omitted).

[7] 429 U.S. 97, 105-06 (1976).

have been deliberately indifferent to his serious medical needs. Significantly, the Plaintiff does not present any evidence from a health care provider to the effect that his weight is not excessive in relation to the provision of a prosthetic leg for his use. The responses to Plaintiff's administrative remedy requests reflect that Plaintiff's condition and weight have been monitored by prison medical personnel, and Plaintiff does not allege otherwise. While a delay in receiving treatment may under some circumstances amount to an Eighth Amendment violation, Plaintiff has made no allegation that his delay in receiving a prosthesis is for a non-medical or other improper reason.[8]

## Conclusion

For the reasons set forth in this Order, it is hereby ORDERED and ADJUDGED that the Complaint is **DISMISSED with prejudice**. The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Ocala, Florida, this 25th day of October 2005.

UNITED STATES DISTRICT JUDGE

c: Roderick T. Simpson

---

[8] See Farrow v. West, 320 F.3d 1235, 1246 (11th Cir. 2003).